1
2
3
4
5
6
7 UNITED STATES DISTRICT COURT

8 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10 STEVEN WAYNE BONILLA,                    No.  2:18-cv-1347 DB P

11                Plaintiff,

12        v.                               ORDER

13 CARLOS R. GUTIERREZ,

14                Defendants.

15

16        Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

17 1983.  Plaintiff has not filed an application to proceed in forma pauperis pursuant to 28 U.S.C. §

18 1915 or paid the filing fee for this action.

19        In this case, plaintiff names a Solano County Superior Court Judge as the defendant.

20 (ECF No. 1 at 2.)  It appears plaintiff is challenging the fact or duration of his confinement at San

21 Quentin State Prison pursuant to a capital murder conviction.  (ECF No. 1 at 2, 3.)  Plaintiff was

22 convicted in Alameda County, which is in the Northern District of California.  People v. Bonilla,

23 41 Cal. 4th 313 (2007).

24        To the extent plaintiff is raising claims which would be cognizable in a habeas corpus

25 action under 28 U.S.C. § 2254, courts in both the district of conviction and the district of

26 confinement have concurrent jurisdiction over applications for habeas corpus filed by state

27 prisoners.  See 28 U.S.C. § 2241(d); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484

28 (1973).  In this case, because the county of conviction is located within the boundaries of the

1  Northern District of California and because the place of incarceration is also located in the

2  Northern District of California, that court is the proper venue to hear the matter under § 2254.

3      To the extent the action is construed as a civil rights complaint under 42 U.S.C. § 1983,

4  the federal venue statute requires that the action be brought only in (1) a judicial district where

5  any defendant resides, if all defendants reside in the same State, (2) a judicial district in which

6  any defendant may be found, if there is no district in which the action may otherwise be brought.

7  See 28 U.S.C. § 1391(b).  Here, to the extent plaintiff is challenging the conditions of his

8  confinement at San Quentin State Prison, the claim(s) arose in Marin County, which is within the

9  boundaries of the United States District Court for the Northern District of California.  Therefore,

10  plaintiff's claims should have been filed in the United States District Court for the Northern

11  District of California.  In the interest of justice, a federal court may transfer a complaint filed in

12  the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d

13  918, 932 (D.C. Cir. 1974).

14      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United

15  States District Court for the Northern District of California.

16  Dated:  July 10, 2018

17

18  _____

19  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

20

21

22  DLB:12
    DLB:1/Orders/Prisoner.Civil.Rights/boni1347.trans

23

24

25

26

27

28

2